UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARZELL BENTON,<br><br>                Plaintiff,<br><br>-against-<br><br>KUMAR CIDAMBI; INDRA CIDAMBI; FRED L. SEEMAN; LAW OFFICE OF FRED L. SEEMAN; PAUL A. GOETZ; VERA ZOLOTARYOVA; BRANDON WEISMAN; STEVEN KIRKPATRICK; MEGHILA LLC; ROMER DEBBAS LLP; JASON ALEXANDER GOODMAN,<br><br>                Defendants. | 24-CV-5489 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Carzell Benton, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his federally protected rights. By order dated July 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Carzell Benton, who lives at 1600 Broadway, PH3D, in Manhattan, filed this 72-page complaint seeking relief from an eviction proceeding in the New York County Civil Court, *Meghila LLC v. Chalek*, Ind. No. 158373/2021. (ECF 1 at 14.) Named as Defendants are: (1) Judge Paul A. Goetz; (2) Principal Law Secretary Vera Zolotaryova and Assistant Law Secretary Brandon Weisman; (3) Kumar Cidambi and Indra Cidambi; (4) "alleged attorney[s]" Steven Kirkpatrick, Jason Alexander Goodman, and Fred L. Seeman; and (5) "alleged artificial person[s]" Law Office of Fred L. Seeman, Meghila LLC, and Romer Debbas LLP. (*Id.* ¶¶ I, II.) Attachments to the complaint show that Kumar Cidambi owns the Broadway condominium at

issue and is a principal in Meghila LLC; that Romer Debbas represents Cidambi; and that the tenant of record is an individual named Myriam Chalek, who is not a party to this action. (*Id.* Exh. B.) The other Defendants appear to be private attorneys and law firms involved in the state-court matter.

Invoking 42 U.S.C. § 1985 ("conspiracy to interfere with civil rights"), and 18 U.S.C. § 241 ("conspiracy against rights"), Section 242 ("deprivation of rights under color of law"), and Section 1621 ("perjury"), Plaintiff alleges that Judge Goetz presided over the eviction proceedings in a biased manner, and that the other Defendants committed perjury and other misconduct that denied him a "fair trial." (*Id.* ¶ IV.) According to Plaintiff, Defendants have caused him "physical harm, substantial medical expenses, and emotional distress" for which he seeks compensatory and punitive damages. Plaintiff also seeks the following relief from this Court: (1) dismissal of the state court action due to misconduct, lack of personal jurisdiction, and improper service of process; (2) initiation of criminal charges; and (3) orders directing Defendants to fulfill their "constitutional obligations." (*Id.*)

Plaintiff previously filed two other complaints in this Court arising out of the same eviction matter. *See Benton v. Cidambi*, No. 24-CV-2968 (LTS) (S.D.N.Y. June 25, 2024) (dismissing complaint without prejudice against the Cidambis and Meghila LLC without prejudice for failure to pay filing fee or file an IFP application as directed); *Benton v. Goetz*, No. 24-CV-3649 (LTS) (S.D.N.Y. June 25, 2024) (dismissing complaint against Judge Goetz on judicial immunity grounds, and also noting that federal district courts lack authority to review state court orders and judgments).[1]

On August 20, 2024, Plaintiff requested issuance of summonses. (ECF 5.)

---

[1] In all three complaints, Plaintiff indicates that he also goes by the name Hassan H. Bey.

# DISCUSSION

A.  **42 U.S.C. § 1983**

Because Plaintiff alleges that Defendants violated his constitutional rights, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

For the reasons set forth below, Plaintiff's complaint does not give rise to viable Section 1983 claims.

1.  **Private Defendants (landlords, attorneys, and law firms)**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants Kumar Cidambi, Indra Cidambi, Fred L. Seeman and the Law Office of Fred L. Seeman, Steven Kirkpatrick, Jason Alexander Goodman, Meghila LLC, and Romer Debbas LLP are private individuals and entities who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. His Section 1983 claims against them are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. State Actors (Goetz, Zolotaryova, and Weisman)

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Judicial immunity has also been extended to others who perform functions closely associated with the judicial process, including "administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge,'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)), and other court employees, for their acts that assist a judge in the performance of his or her judicial duties, *see Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk).

Plaintiff fails to allege any facts showing that Judge Goetz, Principal Law Secretary Zolotaryova, or Assistant Law Secretary Weisman acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues these Defendants for "acts arising out of, or related to, individual cases before" them, they are immune from suit for such claims for damages. *Bliven*, 579 F.3d at 210.

A judge "is not absolutely immune . . . . from a suit for prospective injunctive relief." *Mireles*, 502 U.S. at 10, n.1 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief.") (summary order). Nevertheless, a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *Shtrauch*, 651 F. App'x at 74 (affirming that plaintiff was not entitled to declaratory relief against judicial officer where plaintiff "alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law").

Plaintiff makes no argument that a declaratory decree was violated, that an appeal from any of Judge Goetz's orders was unavailable, or that he is entitled to declaratory relief based on some prospective future harm. *See, e.g.*, *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken

within his or her judicial capacity is ordinarily available by appealing the judge's order."); *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct). Accordingly, injunctive relief against Judge Goetz cannot be granted in an action against him under 42 U.S.C. § 1983. Plaintiff's claims for injunctive relief against Judge Goetz are therefore dismissed in their entirety, based on absolute juridical immunity, 28 U.S.C. §§ 1915(e)(2)(B)(iii), and because, on the facts presented, Plaintiff cannot obtain injunctive relief.

**B.     42 U.S.C. § 1985**

Plaintiff invokes 42 U.S.C. § 1985, and alleges that Defendants conspired to violate his constitutional rights. To state a such a claim, a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted). "Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Vague and unsupported assertions of a claim of conspiracy under Section 1985 will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Wang v. Miller*, 356 F. App'x

7

516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (noting that § 1985 claims must be dismissed where they contain "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights").

Here, Plaintiff does not allege any facts suggesting that Defendants were motivated by any racial or other class-based discriminatory animus. Furthermore, the complaint does not contain any facts suggesting that Defendants conspired to violate his constitutional rights. The Court therefore dismisses Plaintiff's conspiracy claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Criminal Statutes**

Plaintiff cannot prosecute criminal charges against Defendants under 18 U.S.C. §§ 241, 242, or 1621 because the decision to prosecute is solely within the discretion of the prosecutor. *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request for relief asking that Defendants be criminally prosecuted. *See* § 1915(e)(2)(B)(ii).

**D.     Denial of Leave to Amend, Litigation History, and Warning**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

As noted, Plaintiff previously filed a complaint against Judge Goetz and Meghila LLC, arising out of the same eviction. *Benton v. Goetz*, ECF 1:24-CV-3649, 5 (LTS) (S.D.N.Y. June 25, 2024). The Court thus finds that Plaintiff should have been aware that the claims he asserts in this complaint lack merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that if he abuses the privilege of proceeding IFP by pursing further duplicative or vexatious litigation in this Court, he may be ordered to show cause why he should not be barred from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The request for issuance of summonses is denied as moot.

Plaintiff is warned that if he pursues further duplicative or vexatious litigation in this Court, he may be ordered to show cause why he should not be barred from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:  October 28, 2024
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge